UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AMERICAN BANK & TRUST CO., INC.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-1509** |
| | * | |
| **VIVIAN ROBERTS** | * | **SECTION "L"(5)** |

**ORDER & REASONS**

Before the Court is a Motion to Remand (Rec. Doc. No. 9) filed by Plaintiff American Bank & Trust Co., Inc. and a Motion to Remand (Rec. Doc. No. 16) filed by Counter-Defendants Shapiro & Daigrepont, LLC, Penny Daigrepont, L. Claire Mayer, and Eva Simkovtiz. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motions are **GRANTED**.

**I. BACKGROUND AND PRESENT MOTION**

This case arises out of a loan given by Plaintiff American Bank & Trust Co., Inc. to Defendant Vivian Roberts on April 9, 2009. The loan was for an original principal sum of $165,750, and it was secured with an act of mortgage on a piece of real property. According to Plaintiff, the monthly installments starting from September 1, 2010 have become due and remain unpaid. On June 7, 2011, Plaintiff filed a petition for executory process in the 21st Judicial District Court for the Parish of Tangipahoa, seeking the seizure and sale of the property to satisfy the amount due. On June 24, 2011, Defendant removed this case to this Court. In her notice of removal, Defendant asserted that federal question jurisdiction exists over this case.

Plaintiff has now filed a Motion to Remand (Rec. Doc. No. 9). In its motion, Plaintiff argues that under the well-pleaded complaint rule, the question of whether there is federal question jurisdiction must be focused on the allegations of the plaintiff's complaint. Plaintiff

1

states that in initiating this foreclosure action, it is not seeking any relief under federal law. As a result, Plaintiff notes, its complaint does not present a federal question. Plaintiff further states that any defense that Defendant wishes to raise under the aegis of federal law also does not give rise to federal question jurisdiction. In their motion to remand (Rec. Doc. No. 16), Counter-Defendants Shapiro & Daigrepont, LLC, Penny Daigrepont, L. Claire Mayer, and Eva Simkovtiz echo Plaintiff's argument that subject matter jurisdiction is not present.

Defendant has filed an opposition to both motions. Defendant concedes that a defense based on federal law would not be sufficient to provide subject matter jurisdiction. Defendant notes, however, that in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Supreme Court recognized that federal question jurisdiction may "lie over state-law claims that implicate significant federal issues." *Id.* at 312. Defendant asserts that because the Rural Housing Service (RHS) of the U.S. Department of Agriculture has guaranteed the loan that is at issue, and because Plaintiff's petition states that it complied with the regulations that govern the loan guarantee program, there is a significant federal question that gives rise to "arising under" jurisdiction over this foreclosure case.

## II. LAW AND ANALYSIS

A district court has removal jurisdiction over a case only if it is one over which it has original jurisdiction. *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000). When a defendant alleges that federal question jurisdiction exists under 28 U.S.C. § 1331, the courts apply the "well-pleaded complaint" rule. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005). Under that rule, "federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Hoskins v.*

*Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), and "any doubt as to the propriety of removal should be resolved in favor of remand," *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim" -- that is, a cause of action that is created by federal law. *Hoskins*, 343 F.3d at 772 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Supreme Court acknowledged an exception to this rule, one that rests on a "less frequently encountered" form of federal question jurisdiction, *id.* at 312. The Court noted that in certain circumstances, federal question jurisdiction may "lie over state-law claims that implicate significant federal issues." *Id.* In this case, Defendant argues that Plaintiff's state-law claim falls within this "special and small category." *Empire Healthchoice Assurance., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).[1] This contention is unavailing.

The Supreme Court's holding in *Grable* is much narrower than Defendant hopes it to be. In *Grable*, the Supreme Court observed that the "mere need to apply federal law in a state-

---

[1] Defendant has otherwise conceded that "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 15 (1983). Defendant has also acknowledged that the basis for removal jurisdiction may not be premised on a counterclaim or a third-party claim. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1988) (noting that a contrary conclusion would be inconsistent with "the rule that removal jurisdiction must be disclosed on the face of the plaintiff's complaint").

law claim will [not] suffice to open the 'arising under' door." *Grable*, 545 U.S. at 313. Instead, there must be a "contested" and "substantial" question of federal law. *Id.* Moreover, "even when the state action discloses a contested and substantial federal question," subject matter jurisdiction is improper if it will disturb the "division of labor between state and federal courts." *Id.* Thus, in a case in which the defendant suggests that a state-law claim gives rise to federal question jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

   In this case, the answer is no. As noted above, in order for federal question jurisdiction to lie over a state-law claim in accordance with the Supreme Court's decision in *Grable*, it must be clear that the exercise of such jurisdiction "will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (citing *Graber*, 545 U.S. at 314). In *Grable* itself, the Supreme Court found federal question jurisdiction to be proper in part because the case that was at issue was a "rare" quiet-title action that actually required the resolution of a question of federal law. *Graber*, 545 U.S. at 315. The Court noted that extending federal question jurisdiction to such a case would "portend only a microscopic effect on the federal-state division of labor." *Id.*

   The same cannot be said here. Defendant contends that because the loan that is at issue in this case is guaranteed by RHS, Plaintiff must prove, as an essential element of its cause of action, that it was in compliance with the regulatory scheme governing home-loan guarantees. If one were to assume that this is true, it would mean that the federal courts have federal question jurisdiction over every single foreclosure case in which the loan is guaranteed by RHS. This

number could be staggering. "In a typical year, RHS enables 40,000 to 50,000 rural Americans to buy homes," and *over the last two years alone*, RHS has provided more than $10 billion in home loan guarantees. *See* U.S. Dep't of Agric., Rural Development and the Recovery Act 4 (2010), *available at*

http://www.usda.gov/documents/USDA_ARRA_AnnualReport_10192010.pdf.

As a result, Defendant's contention, if it were accepted, would pave the road for "a potentially enormous shift of traditionally state cases into federal courts." *Grable*, 545 U.S. at 319.[2] In her brief, Defendant argues that federal question jurisdiction over this case exists in light of *Grable*. However, she has failed entirely to address the impact of her argument on the "the balance of federal and state judicial responsibilities." *Singh*, 538 F.3d at 338. And in light of the expansive scope of the RHS home-loan guarantee program, it is doubtful that Defendant's argument will "portend only a microscopic effect on the federal-state division of labor." *Graber*, 545 U.S. at 315. Under these circumstances, the Court agrees that this case must be remanded to the state court.[3]

## III. CONCLUSION

---

[2] This is especially so because Defendant's argument goes to the critical question of subject matter jurisdiction, and it is elementary that if subject matter jurisdiction exists over a case, a federal court has "a virtually unflagging obligation to exercise [it]." *Bank One, N.A. v. Boyd*, 288 F.3d 181, 184 (5th Cir. 2002) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). As the Supreme Court has observed, the federal courts "are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989) (quoting *Chicot County v. Sherwood*, 148 U.S. 529, 534 (1893)).

[3] In their briefs, the parties have touched upon the question of whether Defendant's responsive pleadings must be stricken in light of La. Code Civ. P. 2642. This question will be more appropriately addressed by the state court on remand.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. No. 9) and Counter-Defendants' Motion to Remand (Rec. Doc. No. 16) are hereby **GRANTED** and that this case is **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

New Orleans, Louisiana, this 17th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE