UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN BANK & TRUST CO., INC. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 11-1509 |
| | * | |
| VIVIAN ROBERTS | * | SECTION "L"(5) |

## **ORDER & REASONS**

Before the Court is a Motion to Vacate (Rec. Doc. No. 28) filed by Defendant Vivian Ann Roberts. The Court has reviewed the submitted memorandum and the applicable law. For the following reasons, the motion is **DENIED**.

## **I. BACKGROUND AND PRESENT MOTION**

This case arises out of a loan given by Plaintiff American Bank & Trust Co., Inc. to Defendant Vivian Roberts on April 9, 2009. The loan was for an original principal sum of $165,750, and it was secured with an act of mortgage on a piece of real property. According to Plaintiff, the monthly installments starting from September 1, 2010 have become due and remain unpaid. On June 7, 2011, Plaintiff filed a petition for executory process in the 21st Judicial District Court for the Parish of Tangipahoa, seeking the seizure and sale of the property to satisfy the amount due. Defendant removed this case to this Court. In her notice of removal, Defendant asserted that federal question jurisdiction exists over this case. On August 17, 2011, the Court granted the Plaintiff and Counter-Defendants' Motion to Remand to State Court and Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Defendant has now filed a Motion to Vacate the Court's August 17, 2011, Order (Rec. Doc. No. 28). In its motion, Defendant argues that the Court erred in remanding the case, and that the Court has obligatory jurisdiction over the subject-matter of the case.

1

## II. LAW AND ANALYSIS

An order of remand to state court is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). This rule "has been a part of American jurisprudence for at least a century." *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996). In discussing a statutory predecessor of § 1447(d), the Supreme Court noted that the intent of such a rule is "to suppress prolongation of the controversy by whatever process." *In re Pennsylvania Co.*, 137 U.S. 451, 454 (1890).

Section 1447(d) operates by divesting a district court of jurisdiction over a case after it officially remands the case to state court. *See, e.g.*, *In re C and M Properties, LLC*, 563 F.3d 1156, 1162 (10th Cir. 2009) ("It is long-settled that a remand order renders the district court without jurisdiction over remanded claims, such that any continued litigation over those claims becomes a futile thing.") (internal quotation marks omitted); *see also Soley v. First. Nat'l Bank of Commerce*, 923 F.2d 406, 407-08 (5th Cir. 1991); *Helmer v. Weaver*, 123 F.Supp. 2d 1010, 1011 (E.D. La. 2000). This Court has clarified that a court's ability to reconsider a remand order "is limited to discretionary remand orders, not orders based upon lack of subject matter jurisdiction." *Asunto v. Shoup*, 2000 WL 1742055 *1 (E.D. La. 2000).

In the instant case, Defendant is requesting that the Court vacate its order to remand, which would bring the suit back to federal court from state court. The motion to remand, however, was granted based on the Court's lack of subject matter jurisdiction over the issue. As demonstrated above, however, federal jurisdiction over the action has ended, and therefore the Court is without power to review the remand order. Accordingly, Defendant's Motion to Vacate must be denied.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Vacate (Rec. Doc. No. 28) is hereby **DENIED.**

New Orleans, Louisiana, this 20th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE